[No. 621.   October 23, 1895.]

TERRITORY OF NEW MEXICO, APPELLEE, v. SUSANO ORTIZ, APPELLANT.

CRIMINAL LAW—KNOWINGLY PURCHASING PERSONAL PROPERTY FROM OTHER THAN OWNER—INDICTMENT—PROOF—VARIANCE.—On indictment for knowingly purchasing personal property from one not the owner thereof, an allegation of ownership by two persons is not sustained by proof of ownership by one of them only.

APPEAL, from a judgment of conviction of defendant, from the First Judicial District Court, Santa Fe County. Reversed and remanded.

The facts are stated in the opinion of the court.

CATRON and SPIESS for appellant.

An indictment alleging that defendant "knowingly" purchased the property, but not alleging that he purchased it knowing that the person from whom he purchased had not the right to sell, does not charge the offense. U. S. v. Hess, 124 U. S. 483; U. S. v. Cruikshank, 92 Id. 542; U. S. v. Cook, 17 Wall. 168.

Proof of ownership must agree with the charge; thus, evidence of stealing property of one person will not support an allegation that the property belonged to two or more jointly. Owens v. State, 28 Tex. App. 122; State v. Burgess, 74 N. C. 272; State v. London, 3 S. C. 230; Blankership v. State, 18 S. W. Rep. 54; Brown v. State, 35 Tex. 691; Radford v. State, Id. 15; People v. Frank, 1 Ida. 200; Hannahan v. State, 7 Tex. App. 664.

The overruling of the motion for new trial was fatal error. In all cases, the "locus delicti" must be proved. People v. Parks, 44 Cal. 105; Burch v. State, 43 Tex. 376; State v. Meyer, 64 Mo. 190; Carter v. State, 48 Ga. 43; Thompson v. State, 51 Miss. 353; McQuistian v. State, 25 Ark. 435; Gastner v. State, 47 Ind. 144; Shadle v. State, 34 Tex. 572; Sattler v. People, 59 Ill. 68; Baker v. State, 34 Ind. 104; Clem v. State, 31 Id. 480; Clard v. State, 46 Ala. 307; Territory v. Freeman, McCohen, 48; Yates v. State, 10 Yerg. 549.

JOHN P. VICTORY, solicitor general, for territory.

The word "knowingly" qualifies not simply the word "purchase," but the whole act described by the words following "purchase." U. S. v. Clark, 37 Fed. Rep. 106; U. S. v. Nathan, 61 Id. 936.

As to the sufficiency of an indictment following the language of the statute, see: State v. Dooley, 26

S. W. Rep. (Mo.) 558; In re McDonald, 33 Pac. Rep. (Wyo.) 18; State v. Taylor, 11 S. Rep. (La.) 576; People v. Marseiler, 11 Pac. Rep. (Cal.) 503; Harding v. People, 15 Pac. Rep. (Colo.) 727; State v. Tisdale, 2 S. Rep. (La.) 406; State v. Eames, 3 Id. (La.) 93.

"Where the evidence does not expressly locate the crime as having been committed in the county charged in the indictment, but there are, in the evidence, references to various localities and landmarks at or near the scene of the crime, known by, or probably familiar to the jury, and from which they may have reasonably concluded that the offense was committed in the county alleged, it is sufficient proof of venue." Duncan v. State, 10 S. Rep. (Fla.) 815. See, also, Warrace v. State, 8 Id. (Fla.) 748; People v. McGregor, 26 Pac. Rep. (Cal.) 97; Sullivan v. People, 28 N. E. Rep. (Ill.) 381; Lewis v. State, 24 S. W. Rep. (Tex.) 903; People v. Curley, 58 N. W. Rep. (Mich.) 68; People v. Wood, 30 N. E. Rep. (N. Y.) 243, and 131 N. Y. 617; People v. Etting, 34 Pac. Rep. (Cal.) 237; Sullivan v. People, 13 N. E. Rep. (Ill.) 248; State v. Farley, 53 N. W. Rep. (Iowa) 1089; Adams v. Harrington, 14 N. E. Rep. (Ind.) 603; R. R. & Bkg. Co. v. Gamble, 3 S. E. Rep. (Ga.) 287; Kansas City, etc., v. Burge, 21 Pac. Rep. (Kan.) 589; Marx v. Croisan, 21 Pac. Rep. (Ore.) 310.

Venue need not be proved by direct testimony, and the doctrine of reasonable doubt does not apply. State v. Sanders, 17 S. W. Rep. (Mo.) 223; Hicks v. Territory, 6 N. M. 596; Weinecke v. State, 51 N. W. Rep. (Neb.) 307; State v. Vari, 14 S. E. Rep. (S. C.) 392; Abrigo v. State, 15 S. W. Rep. (Tex.) 408; Cox v. State, 12 Id. (Tex.) 493; Smith v. State, 10 S. Rep. (Fla.) 894.

Evidence that crime was committed "in Hendron district, sixteen miles from Springfield," sufficient to establish venue. Hays v. Com., 14 S. W. Rep. (Ky.)

832; State v. Hill, 10 Id. (Mo.) 28; State v. Dougherty, 17 Id. (Mo.) 303; Forehand v. State, 13 Id. (Ark.) 728.

BANTZ, J.—The defendant was indicted, tried, and convicted of knowingly purchasing certain sheep of one who was not the owner, and who had no right to sell them. The indictment alleged that the sheep were the property of Andres C. De Baca and Apolonio Rael. The proof showed that the sheep were owned by the wife and children of Andres C. De Baca, but that he had the care, custody, and actual possession of them; that Apolonio Rael also had sheep in the same band from which these were taken, but he employed a separate herder, and his sheep were differently earmarked. The proof was sufficient to sustain the averment of property as to Baca, but there was no evidence of title, possessory or otherwise, in Rael of the sheep stolen; and the question is as to whether, under an allegation of ownership by two persons, proof of ownership in only one will be sufficient. Starkie and Bishop cite with approval the rule laid down by Lord Hale, that "there must be certainty in every indictment touching the thing wherein or of which the offense was committed." 1 Starkie, Cr. Pl. [2 Ed.] 182. The defendant is entitled to be apprised of the charge which he is to meet, and it must be so specific as to inure to his defense upon a subsequent indictment founded upon the same circumstances. Any repugnancy or inconsistency in the name of the person injured will vitiate the indictment. 1 Starkie, Cr. Pl. 185. The name of the owner of the property can not be dispensed with except in particular instances, which are exceptions from the necessity of the case. The indictment must either state the name of the owner or account for the omission by averring that the owner is unknown; and, in general, an inaccuracy or repugnancy in the allegation, or

*(margin note: INDICTMENT: proof: variance.)*

variance in the proof of ownership, will be fatal to the indictment. 1 Bish. Cr. Proc., sec. 582; 1 Bish. New Cr. Proc., secs. 581, 582. This rule, it is said, applies to larceny, burglary, arson, embezzlement, extortion, malicious mischief, receiving stolen goods, robbery, false pretense, and, in general, "to all offenses which consist wholly or in part of a wrong done to real or personal property, or the possession of one who is injured thereby." 1 Bish. New Cr. Proc., sec. 583. It applies to statutory as well as common-law offenses. 2 Bish. Cr. Proc., secs. 843, 850; Bish. St. Crimes, secs. 428, 443, 453, 457. The reason ownership must be proved as alleged is that it identifies the offense, distinguishing it from other instances. Hence, even when needlessly alleged, proof appears necessary. 1 Bish. Cr. Proc., sec. 488b. Thus, an indictment for receiving stolen goods need not allege the name of the thief, but, if it is alleged, the evidence must correspond to the allegation. The allegation being regarded as descriptive of the identity of the offense, if the pleader sees fit to employ greater particularity in that description than really necessary, he must nevertheless prove it as alleged. 1 Bish. New Cr. Proc., secs. 483, 488. The allegation of ownership by two persons is not satisfied by proof of ownership by only one of them, and the instruction given to the jury by the court was erroneous in that particular. The cause is therefore reversed and remanded.

COLLIER and HAMILTON, JJ., concur.